IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HOLLY NOEL SMITH,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　　Case No. 19-2081-CM-GEB
BCDJ, INC. d/b/a Briggs Auto, et al.,　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　)

**MEMORANDUM AND ORDER**

This Kansas Consumer Protection Act case—before the court on diversity jurisdiction—arises from the purchase of two vehicles from Briggs Auto. The case is now before the court on Defendant BCDJ, Inc. d/b/a Briggs Auto's Motion to Compel Arbitration and Motion to Dismiss or, in the Alternative, Motion to Stay Proceedings (Doc. 18). Defendant claims that both relevant contracts contain arbitration clauses, giving defendant the right to compel arbitration. Plaintiff responded to the motion, giving notice that she does not object to staying the case and sending the case to arbitration.

The Federal Arbitration Act ("FAA") "evinces a strong federal policy in favor of arbitration." *ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1462 (10th Cir. 1995) (citing *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987)); *see also Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581 (2008). When an agreement contains an arbitration clause, "a presumption of arbitrability arises. . . ." *ARW Exploration Corp.*, 45 F.3d at 1462 (citing *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986)).

Based on the agreements presented to the court by defendant, it appears that arbitration is proper. The question remaining is whether to dismiss or stay the action. 9 U.S.C. § 3 provides:

-1-

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

Here, defendant alternatively requested a stay. Under the plain language of the statute, therefore, it appears that a stay is the proper remedy. *Id.* ("[T]he court . . . shall <u>on application of one of the parties</u> stay the trial of the action . . . .") (emphasis added). Moreover, the Tenth Circuit has held that it was error for a court to dismiss an action where the defendant moved to stay the action pending arbitration. *Adair Bus Sales, Inc. v. Blue Bird Corp.*, 25 F.3d 953, 955 (10th Cir. 1994) (citations omitted). Relying on § 3 of the FAA, the court stated that "[t]he proper course, therefore, would have been for the district court to grant Defendant's motion and stay the action pending arbitration." *Id.*; *see also Hill v. Ricoh Americas Corp.*, 603 F.3d 766, 771 (10th Cir. 2010) ("Section 3 of the Act, 9 U.S.C. § 3, obliges courts to stay litigation on matters that the parties have agreed to arbitrate . . . ."). In light of *Adair* and the plain language of § 3, the court determines that a stay—rather than dismissal—is the proper result. This is particularly appropriate where, as here, defendant requested a stay (and plaintiff agreed to a stay), even though defendant's request was made in the alternative.

**IT IS THEREFORE ORDERED** that Defendant BCDJ, Inc. d/b/a Briggs Auto's Motion to Compel Arbitration and Motion to Dismiss or, in the Alternative, Motion to Stay Proceedings (Doc. 18) is granted in part and denied in part. Dismissal is denied, but arbitration and a stay of the case is granted.

**IT IS FURTHER ORDERED** that this case is stayed pending arbitration. Defendant BCDJ, Inc., d/b/a Briggs Auto, is ordered to file a status report by November 7, 2019, advising whether this matter has been resolved or whether arbitration is still pending.

Dated this 7th day of May, 2019, at Kansas City, Kansas.

                                                **s/ Carlos Murguia**
                                                **CARLOS MURGUIA**
                                                **United States District Judge**